# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-72 |
| vs. | : | Judge Timothy S. Black |
| DONNA KAY OSBORNE, | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION (Doc. 12)

This criminal case is before the Court on Defendant's motion for reconsideration of the Court's sentence. (Doc. 12).

## I. BACKGROUND

On June 7, 2018, Defendant Donna Kay Osborne entered pleas of guilty to a two-count Information charging her with: false bankruptcy declaration, in violation of 18 U.S.C. § 152(3) (Count 1); and use of a false identity/synthetic identity fraud, in violation of 42 U.S.C. § 408(a)(7)(B) (Count 2). Her pleas were entered pursuant to an open plea agreement. (Doc. 2). The plea agreement contained non-binding sentencing guideline stipulations; however, the sentence remained in the Court's discretion. (*Id*. at ¶¶ 6, 10).

Defendant's sentencing hearing was held on October 1, 2019, at which time the Court calculated the applicable guideline range, which calculation was consistent with the parties' stipulations. The Court ultimately determined that a sentence of 10 months imprisonment was appropriate, but opted to impose only half of the sentence be served in the custody of the Bureau of Prisons ("BOP"), with the remainder to be served on home

detention during her period of supervised release. In other words, Defendant was sentenced to 5 months imprisonment, followed by 1 year of supervised release with the first 5 months on home detention. Defendant was permitted to self-surrender upon her designation to a BOP facility.

On October 4, 2019, Defendant filed the instant motion seeking reconsideration of her sentence. (Doc. 12). Defense counsel states in the motion that he erroneously informed the Court that Defendant's son was an "emancipated adult" and that the Court was accordingly misled in its consideration of Defendant's son's custodial status. (*Id*.) Following the sentencing, defense counsel learned that while Defendant's son is over the age of 18, his date of emancipation does not elapse until May 23, 2020, following his high school graduation. (*Id*. at Exs. 1 & 2). Defendant is therefore entitled to continuing child support payments from her former spouse until May 2020. (*Id*. at 2). Defendant argues that her sentence may result in the termination of the child support payments, leaving her son unable to sustain himself through the remainder of the school year. (*Id*.)

Defendant acknowledges that "there are many other components that support the Court's sentence, but to the extent that [her son's] circumstance was an element of the Court's calculous, [Defendant] respectfully moves the Court to reconsider the structure and/or timing of the sentence imposed." (*Id*. at 3). One such option would be for the Court to postpone Defendant's designation to the BOP until after May 2020. (*Id*.)

## II. STANDARD OF REVIEW

"In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence." *United States v. Dotz*, 455 F.3d 644, 648 (6th

2

Cir. 2006).[1]  Specifically, "[t]he court may not modify a term of imprisonment once it has been imposed," except under the following limited circumstances: (1) upon motion of the Bureau of Prisons if "extraordinary and compelling reasons" warrant a reduction *or* if the inmate, having already served at least thirty-years imprisonment for an offense, has reached an advanced age and no longer poses a risk to society; (2) modifications pursuant to Rule 35 of the Federal Rules of Criminal Procedure, *i.e.*, to correct an error or to reflect subsequent substantial assistance; and (3) sentencing reductions for defendants serving a term of imprisonment imposed based upon a guideline range subsequently lowered by the United States Sentencing Commission.  18 U.S.C. § 3582(c).

### III.  ANALYSIS

Setting aside the legal impropriety of modifying an imposed sentence, as Defendant acknowledges, the Court's sentence was based on a number of factors. Notably, the Court did not impose a term of imprisonment or tailor the length of the

---

[1] In *United States v. Townsend*, the Seventh Circuit explains the limited role of motions for reconsideration in criminal cases:

> No federal rule or statute allows a motion to reconsider in a criminal case, [though] reconsideration motions are accepted as a common-law practice. … But Congress long ago abrogated this common-law practice in the sentencing context.  The Sentencing Reform Act of 1984 explicitly prevents district courts from "modify[ing] a term of imprisonment once it has been imposed" except in three narrow situations [set forth in 18 U.S.C. § 3582(c)]. … [T]he limitation [imposed] in § 3582(c), preventing courts from modifying a term of imprisonment except as provided by Rule 35 or statute[,] … addressed Congress's concern that judges were introducing uncertainty into the sentencing process by exercising their common-law power to revise sentences.

762 F.3d 641, 645-47 (7th Cir. 2014) (citations omitted).

sentence based on the belief that Defendant's son was an "emancipated adult" or that child support payments were no longer owed.

That said, at the time of sentencing, the Court was not asked to consider deferring self-surrender until Defendant's son had completed high school and was fully independent.  Having now been asked to consider the option, and based upon the circumstances Defendant identifies in her motion, the Court is amenable to the request.  Moreover, the Court does not view simply deferring Defendant's self-surrender date to be akin to a modification of the imposed sentence.  Accordingly, the Court finds no prohibition to granting relief in that regard.

In short, while the Court finds no basis to reconsider the imposed sentence, the Court finds good cause to impose a specific surrender date that would allow Defendant to remain on bond through her son's graduation and scheduled emancipation date.

### IV.  CONCLUSION

Based upon the foregoing, Defendant's motion for reconsideration (Doc. 12) is **DENIED**, but the Court will permit Defendant to surrender on a date specific, rather than surrendering at the direction of the U.S. Marshals, as initially ordered.  Accordingly, the Court imposes a surrender date of June 30, 2020, which date will be noted in the Judgment of Conviction.

**IT IS SO ORDERED**.

Date:  10/4/2019                                              *s/ Timothy S. Black*
                                                              Timothy S. Black
                                                              United States District Judge